IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ANTHONY HICKS                                                                                           PLAINTIFF

                v.                              Civil No. 1:06-cv-01086

DAVID NORWOOD, Captain,
Ouachita County Jail; LT. GREGORY
Ouachita County Jail; and
SGT. BAKER, Ouachita County Jail                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Anthony Hicks, currently an inmate in the Ouachita County Detention Center, filed this civil rights action pursuant to 42 U.S.C. § 1983. He proceeds pro se and in forma pauperis.

On March 29, 2007, Hicks filed a motion asking for injunctive relief against the defendants (Doc. 22). On April 12, 2007, Hicks filed documents in support of his motion for injunctive relief (Doc. 26). Defendants have responded to the motion (Doc. 24 & Doc. 27).

### BACKGROUND

According to the allegations of the complaint, Hicks was being booked into the Ouachita County Detention Center on December 30, 2005. During the booking process, Hicks refused to give Sgt. Baker his name and address. Hicks maintains Baker already had this information.

Hicks alleges Baker then called Captain David Norwood to come to the booking area. According to Hicks, Norwood assaulted Hicks with an "iron shocking device club." Norwood is alleged to have struck Hicks in the mouth knocking him unconscious. Hicks maintains Norwood then shocked and kicked him until he regained consciousness.

Hicks maintains Lt. Gregory was present at the time of the beating and stood in front of the camera and did nothing to stop Norwood. Hicks also maintains Baker did nothing to prevent the

assault.

Hicks alleges he had eleven teeth knocked out during the assault, his lips were busted, and his jaw bones shattered. Hicks asserts he was in severe pain.

## DISCUSSION

In the motion for preliminary injunction, Hicks states that when he was released from the Arkansas Department of Correction on March 15, 2007, he was transferred to the Ouachita County Detention Center because of a detainer. Hicks indicates he injured his right arm when pulling himself up into the transport van.

When Hicks reported the injury to the transport officer, Hicks maintains he was told to deal with the pain because the officer had strict orders from Captain David Norwood not to do anything for Hicks.

Once he arrived at the detention center, Hicks asserts he was assigned to a segregation cell. Hicks maintains Norwood came to the cell with a taser gun in his hand and threatened to use it on Hicks if he said anything else about his injury.

Hicks indicates he was, however, taken to the hospital on March 20th. (Doc. 26 at 1). He was examined, prescribed medication, and told to see his family doctor in three days. *Id.* Hicks maintains he never received the medication and did not get to see his family doctor. *Id.*

Hicks asserts he is in fear of his life. He states he is in a cell with no running water and cannot get medical assistance. Hicks believes the jail staff is tampering with his food and drink. Hicks asserts his requests for medical attention, to have legal documents notarized, to send out "legal mail certified," and his requests for access to law materials have been ignored.

Hicks also supports his motion with the statement of Edward Buffington. In the statement, Buffington indicates he heard Norwood threaten to "knock out the other side" of Anthony Hicks '

-2-

teeth if Norwood had any problems with Hicks. (Doc. 26 at 7).

In response, defendants maintain Sheriff Lucas has investigated the allegations made by Hicks and has found no evidence to support Hicks' claims. Further, Sheriff Lucas states he has reminded Norwood, out of an abundance of caution, about the allegations made by Hicks and that Norwood is to continue to follow Ouachita County policies with regard to the treatment of detention center inmates. Defendants maintain there is simply no evidence demonstrating a need for a injunctive relief.

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of temporary restraining orders and preliminary injunctions. In deciding a motion for a temporary restraining order or a preliminary injunction, the courts are instructed to consider what have come to be known as the *Dataphase* factors. These factors are: (1) the probability of success on the merits;(2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). *See also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir.1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir.1993). No single factor in itself is dispositive; rather, each factor must be considered to determine whether the balance of equities weighs toward granting the injunction. *See Sanborn*, 997 F.2d at 486; *Calvin Klein Cosmetics Corp. v. Lenox Lab., Inc.*, 815 F.2d 500, 503 (8th Cir.1987).

Hicks has alleged excessive force was used against him by Norwood. "The Eighth Amendment prohibition against cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain' by their jailers." *United States v. Miller*, 477 F.3d 644, 647 (8th Cir. 2007)(*quoting Whitley v. Albers*, 475 U.S. 312, 319-20, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986)). The Eighth Circuit in *Miller* set forth the applicable analysis as follows:

> When jail officials are alleged to have used excessive force against a prisoner, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. One acts maliciously by undertaking, without just cause or reason, a course of action intended to injure another; in contrast, one acts sadistically by engaging in extreme or excessive cruelty or by delighting in cruelty.

*Miller*, 477 F.3d at 647 (internal quotation marks and citations omitted).

In the motion for injunctive relief, Hicks maintains Norwood is retaliating against him by "harassing" him, making "threats" against him, and in various ways denying his access to services. Retaliatory behavior constitutes a separate cause of action from the excessive force claims asserted in the complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)(no preliminary injunction where motion for relief was based on assertions of retaliation that were entirely different from initial claim). Because Hick's claim for injunctive relief is based on an assertion entirely different from the claims made in his complaint, I find no basis on which to issue a preliminary injunction.

## CONCLUSION

I therefore recommend Hicks' motions for preliminary injunction or temporary restraining order be denied (Doc. 22 & Doc. 26).

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 11th day of May 2007.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE