IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ANTHONY HICKS                                                    PLAINTIFF


VS.                              CASE NO. 06-CV-1086


DAVID NORWOOD, Captain,
Ouachita County Jail; LT. GREGORY,
Ouachita County Jail; and
SGT. BAKER, Ouachita County Jail                    DEFENDANTS


## ORDER


Before the Court is the Report and Recommendation filed June 25, 2010, by the

Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas.

(Doc. No. 80).  On July 8, 2010, Plaintiff filed objections to the Report and Recommendation.

Plaintiff Anthony Hicks is currently incarcerated in the Arkansas Department of

Corrections (ADC).  Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983

alleging that his constitutional rights were violated while he was held in the Ouachita County

Detention Center in Camden, Arkansas.  Specifically, Plaintiff claims that Captain David

Norwood used excessive force against him when Norwood attacked him with a taser or other

device knocking out some of Plaintiff's teeth.  Plaintiff also claims that Lieutenant Cedric

Gregory and Sergeant David Baker did nothing to prevent the use of such excessive force by

Norwood.

On April 21, 2010, Judge Bryant conducted an evidentiary hearing regarding Plaintiff's

claims.  At the conclusion of the hearing, counsel submitted proposed findings of fact and

conclusions of law to the Court.  Based upon the testimony presented at the hearing and the

parties' proposed findings, Judge Bryant concluded that Plaintiff failed to prove by a

preponderance of the evidence that Captain Norwood used excessive force against Plaintiff.  He

also concluded that neither Lieutenant Gregory nor Sergeant Baker had a duty to intervene.

Accordingly, Judge Bryant recommends that judgment be entered in the Defendants' favor and

that the complaint be dismissed with prejudice.   After reviewing the record *de novo,* the Court

adopts Judge Bryant's Report and Recommendation as its own.

Officers may use force reasonably in a good-faith effort to maintain or restore discipline

but may not use force maliciously to cause harm.  *Treats v. Morgan,* 308 F.3d 868, 872-74 (8th

Cir. 2002).  Factors to consider in deciding whether a particular use of force was reasonable are

"whether there was an objective need for force, the relationship between such need and the

amount of force used, the threat reasonably perceived by the correctional officers, any efforts by

the officers to temper the severity of their forceful response, and the extent of the inmate's

injury."  *Id.* at 872 .  Judge Bryant considered these factors and concluded that Norwood

reasonably believed that a threat to his safety existed as well as a threat to the order and control

of the facility, and found that Norwood's use of force was reasonable under the circumstances.

He also concluded that Plaintiff's injury (injury to his month that required sutures and the

subsequent extraction of ten teeth) was not the result of Norwood's use of excessive force but

rather from Plaintiff losing his footing and falling against the fingerprint table hitting his month.

The testimony in this case is inconsistent regarding the nature and amount of force used

by Captain Norwood against the Plaintiff.  The weight of the evidence indicates that Norwood

did not slap Plaintiff or use a tanser on him.  Rather, it indicates that Norwood attempted to use

an arm bar maneuver to take Plaintiff to the floor, Plaintiff lost his footing and fell hitting his

month on the fingerprint table.  Therefore, the Court agrees with Judge Bryant that Plaintiff failed to prove by a preponderance of the evidence that Captain Norwood used excessive force against Plaintiff.  Accordingly, Plaintiff's claim of excessive force against Captain Norwood should be dismissed.

Officers may be held liable for failing to protect an inmate from the use of excessive force if the office is deliberately indifferent to a substantial risk of serious harm to the inmate.  *Estate of Davis by Ostenfeld v. Delo,* 115 F.3d 1388, 1395 (8th Cir. 1997).  In this case, it has been determined that the force used against Plaintiff by Captain Norwood was reasonable.  Thus, there was no duty to intervene or protect the Plaintiff.  Therefore, the Court agrees with Judge Bryant that Plaintiff's claim against Lieutenant Gregory and Sergeant Baker for failure to intervene should be dismissed.

For the reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation, the Court finds that Plaintiff Anthony Hicks's claims against Captain David Norwood, Lieutenant Cedric Gregory and Sergeant David Baker should be and hereby are **dismissed with prejudice**.

IT IS SO ORDERED, this 2nd day of September, 2010.


    /s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge